**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron James Ortega, | No. CV-21-00765-PHX-MTL (MTM) |
| Plaintiff, | **ORDER** |
| v. | |
| J. Kimble, et al., | |
| Defendants. | |

Plaintiff Aaron Ortega, who was formerly incarcerated within the Arizona Department of Corrections, Rehabilitation and Reentry, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.)

In April 2022, the Court issued its Scheduling Order in this matter. (Doc. 52.) Shortly thereafter, Plaintiff filed a notice of change of address reflecting he had been released to a reentry center. (Doc. 55.) On August 30, 2022, however, Defendants filed a motion for an Order directing Plaintiff to file updated contact information. (Doc. 58.) Defendants explained that they attempted to communicate with Plaintiff regarding discovery but learned he no longer resided at the reentry center. (*Id.*) The Court granted that motion because "[w]ithout updated contact information, this action cannot proceed." (Doc. 59.) The Court also ordered "Plaintiff to show cause why this action should not be dismissed for failure to prosecute" within 15 days of the Court's August 31, 2022 Order (*Id.* at 1, 3.) Plaintiff has not filed a response.

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action for

failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (a court may dismiss under Rule 41(b) for failure to prosecute or comply with rules of civil procedure or the court's orders).

However, dismissal for failure to prosecute is a "harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Before dismissing Plaintiff's case, the Court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Id.* (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *Mir v. Fosburg*, 706 F.2d 916, 918 (9th Cir. 1983)). Additionally, "[a] dismissal for lack of prosecution must be supported by a showing of unreasonable delay," but the district court "is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *Henderson,* 779 F.2d at 1423.

Because dismissal for failure to prosecute is a "harsh penalty and is to be imposed only in extreme circumstances," the Court will consider the merits of each of the five *Henderson* factors, in turn. *Id.* at 1423.

First, "the public's interest in expeditious resolution of litigation," favors dismissal. *Id.* Plaintiff filed his Complaint on April 30, 2021 (Doc. 1) and, after months of delayed service, Defendants were finally served. (Docs. 43-46.) After Answers were filed, the Scheduling Order was issued on April 13, 2022. (Doc. 52.) As the Court has explained, however, without Plaintiff's updated contact information, discovery and this action cannot proceed. (Doc. 59.) This action has been pending almost a year and half, and the public's interest to expeditiously resolve this action weighs in favor of dismissal.

Second, "the court's need to manage its docket," favors dismissal. *Henderson*, 779

F.2d at 1423. Plaintiff's failure to prosecute has required the Court to expend its judicial resources reviewing the docket, computing deadlines, and drafting additional Orders regarding Plaintiff's failure to prosecute his case. (Docs. 34, 59.)

Third, "the risk of prejudice to the defendants," neither favors nor disfavors dismissal. *Henderson*, 779 F.2d at 1423. Because the Court has raised this issue *sua sponte*, neither party has weighed in on whether the defendants have suffered prejudice, and the Court has no reason to believe any prejudice exists. The Court notes however that "[u]nreasonable delay [by the Plaintiff] creates a presumption of injury to the defense." *Id.*

Fourth, "public policy favoring disposition of cases on their merits," neither favors nor disfavors dismissal. *Id.* If the Court were to dismiss Plaintiff's claims with prejudice, then Plaintiff would be precluded from prosecuting his claims later, if he so desired, and that could offend public policy. If the Court were to dismiss Plaintiff's claims without prejudice, however, then the adjudication would not be on the merits and public policy would not disfavor dismissal.

Fifth, "the availability of less drastic sanctions," favors dismissal. *Id.* Here, Plaintiff has been warned twice that he must comply with all Court Orders, including the Courts most recent August 31, 2022 Order. (Docs. 34, 59). Further, Plaintiff has been explicitly warned that failing to prosecute his case could result in dismissal. (Doc. 59 at 2-3). The Court finds that a less drastic sanction, such as an additional warning, is unlikely to have any effect on Plaintiff. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424 (citations omitted).

In sum, the first, second, and fifth *Henderson* factors favor dismissal, and the third and fourth factors do not disfavor dismissal without prejudice. Therefore, when evaluating all the *Henderson* factors, they collectively weigh in favor of a dismissal without prejudice for failure to prosecute. *See Henderson*, 779 F.2d at 1425 ("Where counsel continues to disregard deadlines, warnings, and schedules set by the district

court, we cannot find that a lack of prejudice to defendants is determinative.").

Accordingly,

**IT IS ORDERED** that Plaintiff's case is dismissed without prejudice for failure to prosecute. The Clerk of the Court is directed to enter judgment accordingly and terminate this case.

Dated this 22nd day of September, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge